

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
(202) 736 8000
(202) 736 8711 FAX

BEIJING
BOSTON
BRUSSELS
CHICAGO
DALLAS
GENEVA

HONG KONG
HOUSTON
LONDON
LOS ANGELES
NEW YORK
PALO ALTO

SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

cphillips@sidley.com
(202) 736 8270

FOUNDED 1866

January 26, 2015

**VIA ELECTRONIC FILING**

Adm. Daniel E. O'Toole
Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re:   *Enzo Biochem, Inc. v. Applera Corp.*, No. 14-1321

Dear Admiral O'Toole:

*Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 574 U.S. __ (2015), changes nothing about this case. *Teva* maintains *de novo* review for intrinsic evidence and the "ultimate construction of the claim." Slip. Op. at 11-12, 13. *Teva* does not disturb the rule requiring courts to "discount any expert testimony 'that is clearly at odds with the claim construction mandated by the [intrinsic evidence].'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005). Here, the claim language and statements throughout the specification compel a construction limiting the claims to indirect detection. Applera Opening Br. 33-44; Applera Reply 9-18.

Moreover, the district court never found that Example 9 involved direct detection. It merely stated that "the expert evidence indicates that Example 9 *could* involve direct detection." A74 (emphasis added). The district court subsequently denied summary judgment because of the "'clashing but reasonable expert interpretations of the meaning of Example 9.'" Applera Opening Br. 27. What Example 9 discloses was a question left for trial. And, as Applera explained, Enzo chose not to press for an answer[1] because its interpretation of Example 9 is clearly erroneous. *See id.* at 44-47.

Enzo also waived reliance on Example 9 on appeal. Applera's argument emphasized the complete absence from the specification of any reference to a modified nucleotide structured for direct detection. Applera Opening Br. 37-44. If Example 9 were such a reference, Enzo had

---

[1] Enzo's reference in its letter to the jury's written description ruling adds nothing here because the jury never heard about Example 9.

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Adm. Daniel E. O'Toole
January 26, 2015
Page 2

every reason to say so in its brief, especially after Applera asserted that "Enzo has abandoned its reliance on Example 9." *Id.* at 29. Instead, as Enzo concedes, it chose not to rely on Example 9 at all. At oral argument, when the Court asked Enzo to identify where direct detection is discussed in the specification, Enzo still did not mention Example 9. Oral Arg. 14:05-16:38, 19:00-19:52. In sum, *Teva* provides no support for Enzo's position in this appeal.

    Very truly yours,

    /s/ Carter G. Phillips

    Carter G. Phillips

    *Counsel for Defendants-Appellants*
    *Applera Corp. and Tropix, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Carter G. Phillips
CARTER G. PHILLIPS